Barnard, J.
On the 26th of June, 1893, by virtue of an execution in this case, the plaintiff was put into the possession of certain premises at City Island in Westchester county. On the 17th of July, 1893, the defendant, Piepgrass, entered upon the premises by force, removed a structure erected for the shelter of plaintiff’s employes, and threw it in the waters of Long Island sound. Violent threats preceded this seizure of the possession, and followed it. On this state of facts the court, upon notice, granted an inj unction restraining Piepgrass from all resistance to the enforcement of the execution herein, and from interfering, in any way, with the possession of the premises in question, The appellant, Piepgrass, claims that the order restraining the appellant was unauthorized by law, and that the plaintiff has no remedy to enforce a judgment, except by an execution. The execution failed to answer his purpose, and the question is whether a new action in ejectment is necessary, which would be endless, or whether the court can prevent, in this action, interference with the due and orderly execution of its process. The execution would be sufficient in ordinary cases, but here it is not permitted to have its effect. The court has power to prevent a failure of justice and can punish for a contempt, any disobedience to its process. Why not make an order that a party desist from interference with process and that he reinstate a possession given under it, before enforcing obedience to the process by punishment?
The order shoul" therefore, be affirmed, with costs and disbursements.